UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CLARENCE COBB,

                             Plaintiff,                   **OPINION AND ORDER**
                                                               **09 CV 3553 (SJF)(WDW)**

                - against-

XSPORT FITNESS, INC., JOHN HOFFMAN,
MARK KALINSKY, BEN "DOE", BROOK
CHURCH and CAPITAL FITNESS, INC.,

                              Defendants.
-----------------------------------------------------------X
FEUERSTEIN, J.

        On August 13, 2009, *pro se* plaintiff Clarence Cobb ("plaintiff") filed this action against defendants Capital Fitness, Inc., XSPORT Fitness, Inc.[1], John Hoffman, Mark Kalinsky, Ben "Doe" and Brook Church (collectively, "defendants"), alleging sexual harassment and employment discrimination based upon race and sex, and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et. seq*, and New York State Executive Law § 296 ("NYSHRL"). By order entered April 30, 2010, defendants' motion pursuant to Rules 12(b)(1), (2), (4), (5) and (6) of the Federal Rules of Civil Procedure to dismiss the complaint was granted in part and denied in part, plaintiff's motion to amend the complaint was denied, and the complaint was dismissed in its entirety with prejudice, unless within fourteen (14) days from the date of that order, plaintiff filed an affidavit establishing that the time within which he was required to file an administrative charge with the EEOC should be equitably tolled or that defendants should be equitably estopped from asserting the defense of failure to exhaust.

        On or about May 14, 2010, plaintiff filed an affidavit in accordance with the April 30, 2010

---

[1] XSPORT Fitness, Inc. is not a legal entity. Rather, Capital Fitness, Inc. does business as XSPORT Fitness.

1

order indicating, *inter alia*, that the time within which he was required to file his administrative charge with the EEOC should be equitably tolled because: (1) he was unaware of the corporate name of his employer prior to the commencement of this action and, therefore, was unable to file a timely EEOC charge against the correct legal entity; (2) the law firm that had been representing him during the administrative proceedings was unable to timely file an EEOC charge because it was unable to locate "XSPORT Fitness," which plaintiff believed was his employer's name, since that is not the name of a legal entity; and (3) he was prevented from timely filing an EEOC charge against Capital Fitness, Inc. due to the deception of its employees, which prevented him from learning the correct legal identity of his employer.

Plaintiff's affidavit is insufficient to warrant equitable avoidance of the three hundred (300) day limitations period for the filing of an EEOC charge under Title VII. See 42 U.S.C. § 2000e-5(e)(1). Plaintiff's mistake regarding the correct legal identity of his employer, even assuming some misconduct on the part of defendants in this regard, is immaterial since I previously held in the April 30, 2010 order that although not named in the EEOC charge, Capital Fitness, Inc. falls within the "identity of interest" exception to Title VII's requirement that a complainant file a charge against a party with the EEOC or an authorized state agency before bringing suit in federal court. See 42 U.S.C. § 2000e-5. It is not the misnomer of the corporate defendant on the EEOC charge that requires dismissal of the federal claims in plaintiff's complaint. Rather, the Title VII claims must be dismissed because of plaintiff's failure to timely file an EEOC charge at all, regardless of the name of the respondent(s) on the EEOC charge.

Moreover, plaintiff's conclusory assertion that an unidentified law firm that allegedly represented him at some unknown time following his termination was prevented from timely filing an EEOC charge because of his mistaken identity of his employer, which is unsupported by any affidavit from a principal of that law firm to that effect, does not constitute such a "rare and exceptional circumstance" as to justify application of the equitable doctrines of tolling or estoppel. See Zerilli-Edelglass v. New York City

2

Transit Authority, 333 F.3d 74, 80 (2d Cir. 2003). Moreover, it strains credulity to believe that plaintiff was unable to locate his former employer in order to timely file an EEOC charge against it, regardless of its legal name. Plaintiff's affidavit fails to establish that he acted with reasonable diligence during the approximate twenty-one (21) month period between his termination and the date he filed his EEOC charge and that the circumstances purportedly preventing him from timely filing his EEOC charge were "so extraordinary that the doctrine [of equitable tolling] should apply." Id. 333 F.3d at 80-81

Since the last discrete retaliatory or discriminatory act of which plaintiff complains is the termination of his employment, which occurred on December 10, 2006; plaintiff did not file his EEOC charge within three hundred (300) days thereafter, i.e., on or before October 6, 2007; and plaintiff has failed to establish that the three hundred (300) day limitations period should be equitably tolled, or that defendants should be equitably estopped from asserting that limitations period, his Title VII claims are dismissed in their entirety with prejudice for failure to timely exhaust administrative remedies. Since the April 30, 2010 order previously disposed of all of plaintiff's other claims, the Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff forthwith, to close this case, and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at his last known address, see Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 28, 2010
Central Islip, N.Y.